IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JANARD BROWN, | § | |
| | § | |
| Defendant Below, | § | No. 280, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1309018287 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 25, 2014
Decided: October 13, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## **O R D E R**

This 13th day of October 2014, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)    In September 2013, the appellant, Janard Brown, was indicted for Perjury in the First Degree, Tampering with a Witness, Bribing a Witness, Criminal Solicitation in the Second Degree, and Conspiracy in the Second Degree.  These charges arose from testimony Brown solicited in connection with his trial in *State v. Brown*, Cr. ID No. 1209007265.[1]

---

[1] Brown was convicted after trial in that case and his appeal from that conviction is pending before this Court in *Brown v. State*, No. 532, 2013.

(2) On February 19, 2014, Brown pled guilty to Perjury in the First Degree, Tampering with a Witness, Bribing a Witness, and Criminal Solicitation in the Second Degree. The State agreed to cap its unsuspended Level V recommendation to four years and enter a *nolle prosequi* on the remaining counts in the indictment. On May 16, 2014, Brown was sentenced as follows: (i) for Perjury in the First Degree, eight years of Level V incarceration, suspended after four years for decreasing levels of supervision; (ii) for Tampering with a Witness, five years of Level V incarceration, suspended after one year for one year of Level II probation; (iii) for Bribing a Witness, five years of Level V incarceration, suspended for one year of Level II probation; and (iv) Criminal Solicitation in the Second Degree, three years of Level V incarceration, suspended for one year of Level II probation. This is Brown's direct appeal.

(3) On appeal, Brown's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[2] Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed Brown of the provisions of Rule 26(c) and provided Brown with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Brown of his right to identify any points he wished this Court to consider on appeal. Brown has raised several issues for this Court's

---

[2] Brown was represented by different counsel in the Superior Court.

consideration.  The State has responded to the issues raised by Brown and asked this Court to affirm the Superior Court's judgment.

(4)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(5)     On appeal, Brown argues that: (i) the State should not have made another plea offer after Brown rejected the first plea offer; (ii) he had to plead guilty because a tape was improperly played at trial; (iii) there was no reason to order another presentence investigation; (iv) his sentence was improper because it exceeded the Truth-in-Sentencing guidelines and the State's recommendation, was a result of the sentencing judge's bias, closed mind, and reliance on impermissible factors including improper comments by the prosecutor, and constituted cruel and unusual punishment under the Eighth Amendment.

(6)     Brown does not cite any legal authority in support of the proposition that the State cannot make a second plea offer after a defendant rejects the first plea offer.  The State may take the position that it will not offer another plea if the first

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

offer is rejected, but that does not mean the State is prohibited from making another plea offer if chooses to do so. Accordingly, this claim is without merit.

(7) Brown's contentions regarding the playing of a tape are not entirely clear, but he appears to claim that a tape of a prison phone call was improperly played at his trial in Cr. ID No. 1209007265, leading to the charges in this case, and that the tape was improperly played at his co-defendant's trial,[4] leading to a story on Delaware Online and depriving him of his right to a fair trial. Brown's complaints regarding the admission of evidence in other cases are outside the scope of this appeal. If Brown wished to challenge the playing of a tape at his trial in Cr. ID No. 1209007265, then he needed to raise the claim in that proceeding. He cannot use this appeal to challenge evidence admitted in other cases.

(8) To the extent Brown is trying to claim that he had to plead guilty because press coverage deprived him of a right to a fair trial, such a claim is without merit. Even assuming there was extensive pretrial publicity, steps could have been taken to ensure that Brown was tried by an impartial jury had he chosen to proceed to trial.[5] Moreover, the transcript of the plea colloquy reflects that Brown told the Superior Court nobody threatened or forced him to accept the guilty plea, he

---

[4] The indictment in this case charged Brown along with two other individuals.

[5] *E.g.*, Supr. Ct. Crim. R. 21(a) (providing for change of venue "to another county…if the court is satisfied that there exists in the county where the prosecution is pending a reasonable probability of so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial in that county"); *Payne v. State*, 367 A.2d 1010, 1014 (Del. 1976) (rejecting defendants' claim that adverse pretrial publicity deprived them of right to fair trial by unbiased jury and describing extensive *voir dire* of prospective jurors concerning pretrial publicity).

understood that there would be no trial and that he would give up certain rights as a result of pleading guilty, and he was satisfied with his counsel's representation. Similarly, Brown indicated in the Truth-In-Sentencing Guilty Plea form that he had freely and voluntarily decided to plead guilty. Absent clear and convincing evidence to the contrary, Brown is bound by these representations.[6] Brown's challenges to the playing of tapes in other cases are therefore without merit.

(9) Brown's complaint that a presentence investigation should not have been performed because one was already done for his sentencing in another case a few months earlier is also without merit. The judge who accepted Brown's guilty plea explained that she was ordering an update of the last presentencing investigation because there could be additional information that would be helpful to the sentencing judge. Brown's counsel also explained that it would give Brown the opportunity to tell his side of the story. Brown fails to explain how he was harmed by an updated presentence investigation. The Superior Court did not err in ordering an update.

(10) Finally, Brown's challenges to his sentence are without merit. "Appellate review of a sentence is limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[7] In this case, Brown pled guilty to four

---

[6] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[7] *Weston v. State*, 832 A.2d 743, 746 (Del. 2003).

felonies, carrying a maximum statutory penalty of twenty-one years incarceration. Brown was sentenced to a total of twenty-one years incarceration, suspended after five years. This sentence does not exceed the statutory limits. The sentence exceeds the guidelines of the Delaware Sentencing Accountability Commission ("SENTAC"), but those guidelines are voluntary and non-binding.[8] A defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform to guidelines established by SENTAC.[9] The Superior Court found multiple aggravating factors, including Brown's repetitive criminal conduct, his lack of remorse for his crimes in this case, his lack of amenability to lesser sanctions, and his use of Department of Correction resources while he was incarcerated to bribe a witness to commit perjury, weighed in favor of a greater sentence. The sentence also exceeds the State's recommendation of four years unsuspended Level V time, but as the Superior Court carefully explained to Brown at his plea hearing, the sentencing judge is not bound by the State's recommendation. There was nothing improper in the State arguing that Brown's sentence should exceed sentencing guidelines; the State's recommendation of four years exceeded the sentencing guidelines and the fact that the State would be seeking a sentence in excess of the sentencing guidelines was extensively discussed at Brown's plea hearing. The record reflects that the sentence was based on the nature of Brown's crimes and does not support Brown's claims that

---

[8] *Mayes*, 604 A.2d 839, 845 (Del. 1992).

[9] *Id.*

the sentencing judge was biased, had a closed mind, or relied on impermissible or unreliable information.  The sentence imposed was within statutory limits and Brown has not offered any evidence suggesting that his sentence was grossly disproportionate to his crimes.[10]  Thus, his conclusory Eighth Amendment claim, like his other challenges to his sentence, is without merit.

(11)   This Court has reviewed the record carefully and has concluded that the remainder of Brown's appeal is wholly without merit and devoid of any arguably appealable issue.   We also are satisfied that Brown's counsel has made a conscientious effort to examine the record and the law and has properly determined that Brown could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[10] *Ducote v. State*, 2005 WL 1200859, at *3 (Del. May 18, 2005) (rejecting Eighth Amendment claim of defendant who did not present any evidence suggesting life term was grossly disproportionate to crime of attempted murder in first degree and who had to be sentenced to life imprisonment under habitual offender statute).

7